COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-327-CR

JOHN MCGEE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, the trial court convicted Appellant John McGee upon his plea of guilty to the offense of unauthorized use of a motor vehicle and 
sentenced him to 345 days’ confinement in the State Jail Division of the Texas Department of Criminal Justice.  Appellant did not file a motion for new trial, but he filed his notice of appeal more than two months after sentence was imposed; thus, his notice of appeal was untimely.
(footnote: 2)  Additionally, the trial court’s certification states that this is a plea-bargain case, that Appellant has no right to appeal, and that he has waived the right of appeal.
(footnote: 3)
 Accordingly, we informed 
Appellant’s appointed counsel by letter on September 19, 2008 that this appeal was subject to dismissal unless Appellant or any party showed grounds for continuing it on or before September 29, 2008.  Appellant’s counsel did not respond, and Appellant’s pro se response admits that his attorney filed the notice of appeal late.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.
(footnote: 4)  The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.
(footnote: 5) 

Because Appellant’s notice of appeal was untimely filed, we dismiss this case for want of jurisdiction.
(footnote: 6)
 PER CURIAM

PANEL:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  November 20, 2008

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
See
 Tex. R. App. P. 26.2(a)(1) (providing that notice of appeal must be filed within thirty days of sentencing).

3:
See
 Tex. R. App. P. 25.2(a)(2), (d).

4:
Tex. R. App. P. 26.2(a)(1)
.

5:
Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

6:
See 
Tex. R. App. P. 26.2(a)(1), 43.2(f).